# ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of -- )
)
Europe Asia Construction Logistic ) ASBCA No. 61553
)
Under Contract No. W91B4L-10-C-0115 )

APPEARANCE FOR THE APPELLANT: Mr. Shakir Sardari
Vice President

APPEARANCES FOR THE GOVERNMENT: Raymond M. Saunders, Esq.
Army Chief Trial Attorney
LTC Kelli A. Hooke, JA
Trial Attorney

## OPINION BY ADMINISTRATIVE JUDGE OSTERHOUT
## ON THE GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT

Europe Asia Construction Logistic (EACL or appellant) seeks $336,816.00 for payments made for supplies under Contract No. W91B4L-10-C-0115 (the contract). EACL submitted a claim in September 2017 after the contract was terminated in May 2010. The United States Army (Army or government) responded in its answer that EACL's claim was time-barred because EACL failed to submit a claim within six years and requested the Board dismiss the appeal. The Board treated that portion of the answer as a motion for summary judgment for failure to file a claim within six years of accrual of the claim. Summary judgment is granted and EACL's appeal is denied.

## STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. On April 22, 2010, the government awarded the contract for $569,600.00, which included $569,300.00 to construct communication infrastructure at Kandahar Air Field in Afghanistan and $300.00 for Defense Base Act (DBA) Insurance (R4, tab 1).

2. On April 24, 2010, the contracting officer issued a notice to proceed for the contract (R4, tab 2).

3. On May 17, 2010, the contracting officer issued Modification No. P00001 which deobligated $569,300 from the contract citing the authority as FAR 52.243-4, CHANGES. The contracting officer reduced the amount of the contract to $300, which allowed payment for DBA insurance. (R4, tab 3) The Defense Finance and Accounting Service administratively removed the funds because no one ever invoiced

or charged for the required DBA insurance (R4, tab 7 at 129-30). We find that this is the date (May 17, 2010) that EACL knew, or should have known, the events that fix the alleged liability of its claim against the government.

4. On September 3, 2017, EACL submitted a certified, but unsigned, claim to the contracting officer, requesting $336,816.00 for the total amount EACL spent on the contract (R4, tab 4).

5. On September 5, 2017, the contracting officer informed EACL that the claim needed to be signed (R4, tab 5 at 82).

6. On September 12, 2017, more than seven years after the contract was terminated, EACL submitted a signed copy of the certified claim. The signed, certified claim included the information provided with the September 3, 2017 letter and additional supporting documents. EACL provided email conversations that occurred prior to termination to the contracting officer. EACL did not provide any correspondence or evidence that demonstrated it sought payment or disputed the no-cost termination before the claim was initially filed on September 3, 2017. (R4, tab 5 at 85)

7. On December 7, 2017, the contracting officer denied the claim. She listed several problems with contract performance and stated that Modification No. P00001 was a no-cost cancellation which reduced the amount of the contract to an amount that only covered DBA insurance. She also stated that there was no evidence that EACL ever purchased DBA insurance. She rejected EACL's claim, stating, "[m]oreover, in accordance with FAR 33.206 Initiation of a Claim, EACL did not submit a written claim to the Contracting Officer within the six (6) year statute of limitations." The contracting officer included the required appeal language in her final decision. (R4, tab 8)

8. On March 7, 2018, EACL appealed the decision. The appeal was docketed as ASBCA No. 61553.

9. On April 23, 2018, EACL filed its complaint. In its complaint, EACL requested $336,816.00 for money spent on the contract and noted portions of the contract that caused its performance to be delayed. EACL stated, "EACL has truly suffered a loss of $336,816 due to honest misunderstandings and, we believe, a lack of necessary detail in the original contract award, which did not account for unavoidable requirements of the awarded work." EACL stated it was willing to provide whatever documentation was required.

10. On May 22, 2018, the government filed its answer. In "Part III" of its answer, the government "raise[d] as an affirmative defense the statute of limitations."

The government opined that because EACL did not submit its claim within six years, the statute of limitations barred appellant's claim and requested the claim be dismissed.

11. On August 21, 2018, the Board informed the parties that it was considering Part III of the government's answer a motion for summary judgment for failure to file a claim within six years of the accrual of the claim. The Board allowed EACL to respond to the motion by September 24, 2018. The Board did not receive a response. On November 8, 2018, the Board informed EACL that it had not responded and allowed EACL until November 21, 2018, to respond to the motion. Failure to respond by that date, the Board added, would result in the issuance of a decision on the motion without EACL's response. To date, the Board has not received a response from EACL.

## DECISION

The Board interpreted Part III of the government's answer as seeking summary judgment because EACL failed to submit a timely claim. While it is not a condition of jurisdiction, the Contract Disputes Act (CDA) requires that a claim be submitted within six years of its accrual. 41 U.S.C. § 7103(a)(4); *Menominee Indian Tribe of Wisconsin v. United States*, 136 S. Ct. 750, 757 (2016); *Sikorsky Aircraft Corp. v. United States*, 773 F.3d 1315, 1320 (Fed. Cir. 2014); *Green Valley Co.*, ASBCA No. 61275, 18-1 BCA ¶ 36,977 at 180,119. "Accrual of a claim means the date when all events, that fix the alleged liability of either the Government or the contractor and permit assertion of the claim, were known or should have been known." FAR 33.201.

The Board has long recognized "that summary judgment is appropriate where the moving party establishes that there are no disputed material facts, and the moving party is entitled to judgment as a matter of law." *American Boys Constr. Co.*, ASBCA No. 61163, 18-1 BCA ¶ 36,949 at 180,051 (citations omitted). "When considering summary judgment motions, the evidence of the non-moving party is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* (citations and internal quotations removed).

There is no dispute that the government terminated EACL's contract on May 17, 2010 (SOF ¶ 3). Further, the record does not contain any evidence, nor does EACL even argue, that it submitted a claim to the contracting officer within the six-year period. In fact, the claim was submitted more than seven years after the contract was terminated (SOF ¶¶ 3, 6)

In order to submit a claim that met the timeliness requirements of the CDA, EACL was required to submit its certified claim within six years of the no-cost termination, or by May 16, 2016. September 2017 is over one year later than the CDA

requirement to submit a claim to the contracting officer within six years of an accrued claim. Thus, we must deny the appeal.

CONCLUSION

The government's motion for summary judgment is granted. EACL's appeal is denied.

Dated: February 14, 2019

HEIDI L. OSTERHOUT
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 61553, Appeal of Europe Asia Construction Logistic, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

4